IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK11-40710-TLS |
| | ) | |
| KENT EDMOND ANDERS and | ) | CH. 7 |
| LISA MARIE ANDERS, | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER**

      Hearing was held in Lincoln, Nebraska, on a motion to compel filed by Debtors (Fil. #23) and a resistance thereto filed by the Chapter 7 trustee (Fil. #24). Stacy Nossaman-Petitt appeared for Debtors, and Philip M. Kelly appeared as the Chapter 7 trustee. Evidence was received and the matter was taken under advisement. Counsel for the parties submitted briefs, and this matter is ready for decision.

      Debtors filed this Chapter 7 bankruptcy case on March 16, 2011. Prior to the bankruptcy filing, Debtors received a federal tax refund in the amount of $5,201.00, of which $2,800.00 consisted of the earned income tax credit. On the same date Debtors received their tax refund, they made a payment to First National Bank on an unsecured line of credit in the amount of $1,921.72.[1]

      After bankruptcy filing, Philip M. Kelly, the Chapter 7 trustee, was successful in recovering the $1,921.72 from First National Bank as an avoidable preference. Debtors assert that their earned income tax credit is exempt under state law, and thus in their bankruptcy case. Therefore, Debtors believe that the recovered funds are exempt and are, therefore, not property of the estate that can be retained by the trustee.

      Debtors are incorrect. Many of the legal principles involved in this case were discussed in a recent opinion of the Eighth Circuit Bankruptcy Appellate Panel in *Sullivan v. Welsh (In re Lumbar)*, 457 B.R. 748 (B.A.P. 8th Cir. 2011). Specifically, the Bankruptcy Appellate Panel stated: "Under the Code (as opposed to its predecessor, the Bankruptcy Act of 1898), all property, including potentially exempt property, is part of the bankruptcy estate until the debtor claims an exemption in it, and that exemption is approved."

      Thus, at least in the Eighth Circuit, potentially exempt property is property of the estate. The Bankruptcy Appellate Panel further stated:

> Indeed, § 522(g) of the Code provides that, if a trustee recovers property under § 550, including property which was fraudulently transferred, the debtor may claim an

---

[1] Debtors assert that this payment was made from the earned income credit portion of the tax refund and not from the remaining portion of the tax refund, although there is no evidence to support that assertion.

>
> exemption in the recovered property *unless* the transfer by the debtor was a voluntary one. Thus, the Code anticipates that the Trustee may recover fraudulent transfers of property which the debtor could have claimed as exempt had the debtor still owned such property at the time the bankruptcy case was filed. If, instead of retaining such property and claiming it exempt, the debtor voluntarily opted to transfer it prior to filing bankruptcy, the Code prohibits that debtor from then claiming an exemption if the trustee in the subsequent bankruptcy succeeds in avoiding that transfer as fraudulent.

*Id.* at 754-55. Preferential transfers are also encompassed under § 550 and, therefore, the same analysis applies in this case.

Accordingly, even if the funds that Debtors used to pay First National Bank would have been exempt had Debtors retained such funds until bankruptcy filing, Debtors voluntarily transferred those funds prior to bankruptcy filing and the Bankruptcy Code prohibits Debtors from claiming an exemption in the trustee's recovery.

IT IS, THEREFORE, ORDERED that the motion to compel filed by Debtors (Fil. #23) is denied.

DATED: December 23, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Stacy Nossaman-Petitt
    Philip M. Kelly
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.